```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**LAVON A. TROTTER, #67732**                                            **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO. 3:03CV1370BN**

**LARRY HARDY, ET AL**                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The Plaintiff Lavon A. Trotter, *pro se,* and counsel for the Defendants, John L. Clay, appeared before the undersigned United States Magistrate Judge on the 13th day of May, 2005, at the James Eastland Federal Building and Courthouse in Jackson, Mississippi, for an omnibus hearing. The Court scheduled this hearing for various pretrial purposes, including a <u>Spears</u> hearing. The Court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation and to determine whether or not the Plaintiff's claims were supported by a factual or legal basis. Pursuant to a Consent signed by all parties on May 13, 2005, District Judge William H. Barbour, Jr. entered an Order filed May 31, 2005, assigning this cause to the undersigned United States Magistrate Judge for all further proceedings.

The Plaintiff was an inmate at the Central Mississippi Correctional Facility in the custody of these Defendants from August 11, 2000, through January 29, 2004. According to Plaintiff's sworn testimony at the omnibus hearing, and the

Complaint, the treatment she received while housed there was constitutionally inadequate. Ms. Trotter testified as to numerous problems: she was not fed three meals a day; if she requested sick call, she did not receive breakfast; she sometimes received one meal and sometimes two per day; she was denied recreational privileges for 18 months and was not allowed to attend a talent show and was denied movie privileges. The Plaintiff contends that she received rules violation reports [RVRs] but was not given fair hearings; as a result, she was found guilty and privileges were taken away. She contends that the medical care and dental care she received while housed at CMCF was inadequate. She had four teeth pulled while she was there and could not control her saliva. They would not provide her with any care for this condition. She had had a stroke prior to being incarcerated, and the Defendants failed to provide her with proper medications for this condition. She did not receive the proper blood pressure medication for over a month after she arrived. According to the Plaintiff, all the ARPs she filed were ignored. After she spent a year in maximum security due to the escape charges she had faced, recreational privileges were not allowed.

The Court has carefully considered the facts as alleged by the Plaintiff in the omnibus hearing and in her pleadings in conjunction with the applicable constitutional and federal law. The Plaintiff is cautioned that **unfairness** on the part of MDOC does

2

not create a constitutional claim.  Furthermore, uncomfortable conditions, or medical care that does not please the inmate, do not violate the constitution.  The manner in which MDOC grants or denies recreational privileges is not subject to this Court's scrutiny; inmates are not constitutionally entitled to **any** recreation.  MDOC is also under no constitutional duty to foster prisoners' family relationships.  To receive a money judgment against MDOC because of prison conditions, a Plaintiff ordinarily must show actual injuries and a deliberate intent to harm on the part of the defendants.

The essence of the Plaintiff's complaint is that the conditions of the Central Mississippi Correctional Facility were deplorable.  She is no longer housed there and apparently is no longer incarcerated. Whereas the conditions of her confinement may very well have been unfair and distressful, the Court finds that taking everything alleged as accurate, she has not set forth a constitutional claim.  She cannot show that she has suffered from any health problems due to the medical care she received, or from the conditions under which she was confined. Her medical records from MDOC confirm that she received numerous medical visits and medications.  The Plaintiff has received food, clothing, and medical care, while at CMCF, and her medical records confirm that she has not suffered from any serious health threat as a result of her incarceration at CMCF.  While she was not satisfied with the

food she received, she suffered from no dramatic weight loss or other health threat while incarcerated.

The Court finds that her allegations, taken in a light most favorable to the Plaintiff, simply do not rise to the level of a constitutional violation.  Harsh "conditions of confinement" may constitute cruel and unusual punishment unless such conditions are "part of the penalty that criminal offenders pay for their offenses against society."  Whitley v. Albers, 475 U.S. 312, 319 (1985) *quoting* Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Gillespie v. Crawford, 833 F.2d 47, 50 (5th Cir. 1987).  However, no "bright line" test can exist by which courts determine whether conditions of confinement are cruel and unusual because the Eighth Amendment "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." Rhodes, 452 U.S. at 346.  These standards are to be derived from objective factors so as to reflect the "mores of society and not merely the subjective views of judges."  Wilson v. Lynaugh, 878 F.2d 846, 848 (5th Cir. 1989); Jackson v. Cain, 864 F.2d 1235, 1245 (5th Cir. 1989).  Furthermore, in the Fifth Circuit, claims concerning conditions of confinement must be analyzed under a "totality of the conditions test."  McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990); Jackson, 864 F.2d at 1245.

The standard to be used in determining whether conditions of confinement are cruel and unusual under the Eighth Amendment was

set forth in Chapman, *supra*.  Indicia of confinement constituting cruel and unusual punishment include "wanton and unnecessary infliction of pain," conditions "grossly disproportionate to the severity of the crime warranting imprisonment," and deprivation of the "the minimal civilized measure of life's necessities."  Wilson v. Lynaugh, 878 F.2d at 848 *quoting* Chapman, 452 U.S. at 346-47; Vega v. Parsley, 700 F.Supp. 879, 883 (W.D. Tex. 1988).  However, to be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoners' interest or safety.  Whitley v. Albers, 474 U.S. 312, 319 (1986); Gillespie v. Crawford, 833 F.2d 47, 50 (5th Cir. 1987).  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock," Whitley, 475 U.S. at 319.  Furthermore, "if the pain inflicted is not formally meted out *as punishment* by the statute or sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify" as cruel and unusual punishment in violation of the Eighth Amendment.  Wilson v. Seiter, 501 U.S. 294, 300 (1991).  When challenging his conditions of confinement, a prisoner must show that the inflicting officer has exhibited "deliberate indifference" to such conditions.  *Id.* at

5

303. Mere negligence does not satisfy the "deliberate indifference" standard. *Id.* The prisoner must suffer from an **extreme deprivation** of any "minimal civilized measure of life's necessities." *Id.* at 304.

Like other Eighth Amendment claims, a conditions-of-confinement claim must satisfy tests for both objective and subjective components. Davis v. Scott, 157 F.3 1003, 1006 (5th Cir. 1998), *citing* Hudson v. McMillian, 503 U.S. 1, 8 (1992). As the Court noted in Davis, since "[f]or the objective component, extreme deprivations are required to make out a conditions-of-confinements claim," and cannot be made, it is unnecessary to reach the subjective component. In Ms. Trotter's case, neither the objective or subjective components can be met. It is obvious that these prison officials were not attempting to punish Ms. Trotter by the medical care they provided her or the food she received. Her classification in the system may have depended upon conduct regulations, but an inmate does not have a protectable liberty or property interest in her custodial classification. Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992).

Ms. Trotter's conditions of confinement while at MDOC are unfortunate. Being placed in lockdown for such a long period due to her escape charge was certainly uncomfortable and unpleasant and difficult to abide. Not having the medical care you desire, and not being allowed recreational activities, would be frustrating.

6

However, the Constitution does not mandate comfortable prisons. <u>Vega v. Parsley</u>, 700 F.Supp. 879, 883 (W.D. Tex. 1988). Incarceration is meant to be a punishment. The Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience. <u>Wilson v. Lynaugh</u>, 878 F.2d 846, 849 (5th Cir. 1989). Inmates cannot expect the amenities, conveniences, and services of a good hotel. <u>Wilson</u>, 878 F.2d at 849, n.5 *citing* <u>Harris v. Fleming</u>, 839 F.2d 1232, 1235-36 (7th Cir. 1988). "Courts repeatedly remind prisoners that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions. <u>Rhodes</u>, 452 U.S. at 349. We do so again today." <u>Talib v. Gilley</u>, 138 F.3d 211, 215 (5th Cir. 1998).

To establish an Eighth Amendment claim, the prisoner must demonstrate an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need. <u>Harper v. Showers</u>, 174 F.3d 716, 720 (5th Cir. 1999). Applying this and all of the above law to the instant claims of the Plaintiff mandates that her claims be dismissed. The Plaintiff was given all of life's necessities by the Central Mississippi Correctional Facility—she was fed and clothed; she was provided with adequate bedding, heating, air conditioning; she was given water to drink and water for showers; she was given all the necessities to attend to her personal

7

hygiene; she was given adequate space for her confinement.  Under the circumstances, wherein the Plaintiff has not set forth any fact or testimony with which to show an intent to punish, or deliberate indifference, on the part of these individuals, the conditions complained of do not rise to the level of an Eighth Amendment or Fourteenth Amendment violation.  Ms. Trotter has shown no actual injury; she primarily claims discomfort and the fear of becoming ill.  This does not rise to the level of an Eighth Amendment claim.

The federal courts have frequently been cautioned by the United States Supreme Court on many occasions from assuming "a greater role in decisions affecting prison administration." Garner, at *4, citing Shaw v. Murphy, 532 U.S. 223, 230 (2001).  In the Court's opinion, the facts as alleged by the Plaintiff do not warrant or allow federal intervention into the State's administration of its prisons.

To state a claim under 42 U.S.C. Section 1983, a plaintiff must alleged the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).  Having

liberally construed the complaint in favor of Ms. Trotter, as required by the law to do, the Court finds that she has failed to state an actionable claim.

For these reasons, the Court finds that the Complaint filed in the instant case fails to state a claim upon which relief may be granted, is legally frivolous, and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) with prejudice.

IT IS, THEREFORE, ORDERED that the Complaint is dismissed with prejudice and that a separate Final Judgment in favor of the Defendants shall be entered on this date.

THIS the 3rd day of August, 2005.

S/ Alfred G. Nicols, Jr.
UNITED STATES MAGISTRATE JUDGE